CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **APRIL A. DAVIDSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25CV00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **FRANK BISIGNANO,** | ) | JUDGE JAMES P. JONES |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY**, | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe Williams & Austin, Norton, Virginia, for Plaintiff; Wanda D. Mason, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.*

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance and supplemental security income benefits under provisions of the Social Security Act (Act). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 52-page Report on September 8, 2025, in which she recommended that the court affirm the Commissioner's decision denying benefits. On September 19, 2025, the plaintiff filed a timely Objection to

the Report. The Commissioner has not filed a response to the Objection and accordingly the Objection is ripe for decision.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the administrative law judge (ALJ) if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman ex rel. Estate of Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated, and the Commissioner's final decision must be affirmed. *Id.* But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

In her Objection, the plaintiff makes the same arguments as she presented to the magistrate judge. After careful review, I find that the Report accurately resolved the issues presented and must be accepted.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's Objection, ECF No. 15, is DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 14, is fully ACCEPTED; and

3. A separate final judgment will be entered herewith.

ENTER:  March 31, 2026

/s/  JAMES P. JONES
Senior United States District Judge